FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA** 2011 AUG 22  PH 3: 0½
**JACKSONVILLE DIVISION**

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

NORMAN HOEWISCHER, Individually,      :
                                      :
          Plaintiff,                  :
                                      :
v.                                    :      Case No. 3:11-cv-840J-34TEM
                                      :
WILLIAMSON INVESTMENT COMPANY, and:
WILLIAMSON INVESTMENT COMPANY,        :
INC., Florida Corporations and/or an entity  :
acting on behalf of a Florida Corporation,   :
                                      :
          Defendants.

_____

## COMPLAINT
### (Injunctive Relief Demanded)

Plaintiff, Norman Hoewischer, Individually, on his behalf and on behalf of all other

individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants,

Williamson Investment Company and Williamson Investment Company, Inc., Florida corporations,

and/or an entity acting on behalf of a Florida corporation (sometimes collectively referred to as

"Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to

the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability

Code ("FAC").

1.      Plaintiff is a Florida resident, lives in Duval County, is sui juris, and qualifies as an

        individual with disabilities as defined by the ADA.  Plaintiff is bound to ambulate in a

        wheelchair.

2.      The Duval County Tax Collector's Office, the Duval County Property Appraiser's Office,

        and the Duval County Land Records Office identify Defendant Williamson Investment Co.,

Inc. as the owner of the subject property identified in paragraph 3 below with a mailing address of 9511 Whittington Drive, Jacksonville, Florida 32257 but, the Florida Department of State, Division of Corporations, does not have a listing for the entity/corporation. The Duval County Tax Collector's Office reflects that Defendant Williamson Investment Co. has the same mailing address, i.e., 9511 Whittington Drive, Jacksonville, Florida 32257, as that of Defendant Williamson Investment Co., Inc. The Florida Department of State, Division of Corporations indicates that Williamson Investment Co. is a Florida corporation with the principal and mailing address of 9511 Whittington Drive, Jacksonville, Florida 32257. Defendant Williamson Investment Co., Inc. is acting in the name of Defendant Williamson Investment Co.

3.    Defendants' property, a shopping center located at 9719 San Jose Blvd., Jacksonville, Florida 32257, is located in the County of Duval.

4.    Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

5.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6.    Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA and FAC compliant. The

2

Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and have endangered his safety. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

7.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA and FAC . Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendants' property equal to that afforded to other individuals. Plaintiff is aware that it would be a futile gesture to attempt to visit Defendants' property if he wishes to do so free of discrimination.

8.     Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as San Jose Boulevard Shopping Center, 9719 San Jose Blvd., Jacksonville, Florida 32257.

9.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA and FAC with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the San Jose Blvd. Shopping Center not only to avail himself of the goods and services available at

3

the property but to assure himself that this property is in compliance with the ADA and FAC so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10.     The Defendants have discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

11.     The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the San Jose Blvd. Shopping Center has shown that violations exist. These violations include, but are not limited to:

    a.     There is no accessible route complying with 4.3 provided within the boundary of the site from public transportation stops, which are provided, and public streets or sidewalks, to an accessible building entrance in violation of ADAAD 4.1.2.1.

    b.     The accessible routes from the accessible parking spaces building do not have level landings at the top and bottom of the entrance ramp in violation of ADAAG 4.8.

    c.     The facility has no accessible parking spaces located at the center in violation of ADAAG 4.1.

    d.     There is a change of level exceeding 1/4" from the ramp to the existing entrance in violation of 4.5.2.

    e.     The ramps provided do not have level landings at the top and the bottom of the ramps in violation of ADAAG 4.8.

4

f.  The door is not automatic or power assisted and does not have a maneuvering space relative direction in violation of ADAAG 4.13.6.

g.  The public accommodation has not made reasonable modifications in policies practices or procedures when necessary to afford goods, services, facilities, privileges, and advantages.  This includes movable tables in violation of Section 36.302, 28 CFR Part 36.

h.  The counters where services are provided are above 36" in violation of ADAAG 7.2.

i.  There are permanently designated interior and exterior spaces without proper signage in violation of Section 4.15 of the ADAAG.

j.  There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG.

12.  The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendants' ADA and FAC violations.  Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and FAC and all of the barriers to access.  The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA and FAC violations, as set forth above.  The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA and FAC as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of

5

public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act and FAC .

13.     Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14.     Plaintiff is without adequate remedy at law and is suffering irreparable harm.  Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs, and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including

6

individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA and FAC.

16.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

17.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the San Jose Blvd. Shopping Center to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and FAC.

b.     Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods,

7

services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Thomas B. Bacon, P.A.
4868 S.W. 103rd Ave.
Cooper City, FL 33328
954-478-7811
fx 954-237-1990
tbb@thomasbaconlaw.com
Florida Bar. Id. No. 139262

By:_____
      Thomas B. Bacon, Esq.


Robert J. Henderson, Esquire
PA ID No. 55837
Thomas B. Bacon, P.A.
P.O. Box 166
Bethel Park, PA 15102
Phone: 412-551-1887
Fax:   412-833-9691
rjh@attorneyrjh.com
Out of State Counsel
(*pro hac vice* pending)

8